# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CORE BUSINESS FINANCE, INC.,

    Appellant,

v.                                                                    Case No: 8:19-cv-279-CEH

K.E. MARTIN DEVELOPMENT OF
PASCO, INC.,

    Appellee.
_____/

## ORDER

This matter comes before the Court upon the parties' Joint Motion to Vacate [Doc. 30]. There, Appellant Core Business Finance, Inc. and Appellee K.E. Martin Development of Pasco, Inc. ask this Court to issue an order indicating its willingness to vacate its February 24, 2020, opinion which affirmed the order of the United States Bankruptcy Court denying Core Business Finance, Inc's motion to compel arbitration. Having considered the motion and being fully advised in the premises, the Court will grant the relief requested in the Joint Motion to Vacate.

### *Background*

On January 31, 2019, Core Business appealed an order of the bankruptcy court, which denied its motion to compel arbitration of an adversary proceeding against it by K.E. Martin. [Doc. 1]. The bankruptcy court reasoned that the claims asserted in that proceeding were core claims and that the case fell outside the class of cases which must be sent to arbitration. Upon consideration of the written and oral arguments, this Court

affirmed that order. [Doc. 22]. Core Business then appealed this Court's decision to the Eleventh Circuit Court of Appeals. [Doc. 25].

Pursuant to the Joint Motion, the Court has been advised that Appellant and Appellee have reached a settlement in principle, at an appellate mediation, which is expressly conditioned on this Court's agreeing to grant a joint motion to vacate directed to the opinion on appeal. They have since moved the Eleventh Circuit to stay the appeal due to the settlement in principle, pending this Court's decision on the Joint Motion to Vacate.

## *Discussion*

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, the court may relieve a party from a final judgment, order, or proceeding if "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or any other reason that justifies relief." Fed. R. Civ. P. 60(b)(5), (6). Additionally, Rule 62.1 provides that:

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> **(1)** defer considering the motion;
> **(2)** deny the motion; or
> **(3)** state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Civ. P. 62.1(a). Motions pursuant to Rule 60(b) are directed to the sound discretion of the district court. *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). In deciding whether to grant vacatur of an order based on a settlement of the parties, courts are instructed to "weigh[] the benefits of settlement to the parties and to the judicial system (and thus to the public as well) against the harm to the public in the form of lost precedent." *Hartford Cas. Ins. Co. v. Crum & Forster Specialty Ins. Co.*, 828 F.3d 1331, 1336 (11th Cir. 2016).

The parties argue that "a vacatur in this case would be in the interest of both parties and a benefit to the public." [Doc. 30 at p. 7]. They rely on the ruling in *Hartford*, which presented a situation "quite similar" to that here. There, the Eleventh Circuit held that "two unusual features of the settlement agreement entered into by [the parties] tip[ped] the scales decisively in favor of vacating the District Court's orders in dispute." *Id.* First, the court noted that the negotiations leading to the settlement were not unprompted, and that because the settlement was contingent on a vacatur of the order on appeal, appellant was not voluntarily forfeiting his legal remedy. *Id.* Second, the Court noted that both parties desired vacatur because settlement would otherwise be impossible. *Id.* In light of these circumstances, the court reasoned that the parties' interests were best served through voluntary disposition of the case and that this outweighed the slight value of preserving the precedent to the public interest generally. *Id.* The court also reasoned that curtailing proceedings would conserve judicial resources and thus serve the public interest. *Id.*

The Court agrees that this case is similar to *Hartford* in material respects. As in *Hartford*, the parties in this case reached their settlement in principle at an appellate mediation prompted by the Eleventh Circuit. Likewise, they jointly move this Court for, and desire, vacatur because the proposed settlement would not be possible otherwise. The balance of equities in this case favors vacatur. The settlement of this case significantly outweighs any precedential value which the public may derive from the narrow holding in this case. Vacatur of the Court's order would best serve the interests of both the parties as well as the interest of the public in conserving judicial resources. Accordingly, it is hereby

**ORDERED**:

1. The Joint Motion to Vacate [Doc. 30] is granted, to the extent that the Court indicates a willingness, in light of the settlement in principle, to vacate its February 24, 2020, opinion affirming the order denying the motion to compel arbitration.

**DONE AND ORDERED** in Tampa, Florida on April 16, 2021.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any